# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| U.S. RIGHT TO KNOW,<br>    4096 Piedmont Avenue #963<br>    Oakland, CA 94611,<br><br>and<br><br>CAREY GILLAM,<br>    5525 Golden Bear Drive<br>    Overland Park, KS 66223,<br><br>        Plaintiffs,<br><br>        v.<br><br>ENVIRONMENTAL PROTECTION<br>AGENCY,<br>    1200 Pennsylvania Avenue NW<br>    Washington, DC 20460,<br><br>        Defendant. | Civil Action No. 18-1189 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.  This action is brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel the Environmental Protection Agency (EPA) to produce records responsive to two long-outstanding FOIA requests. The first request, dated July 5, 2016, seeks certain records relating to the herbicide glyphosate. The second request, dated February 15, 2017, seeks communications between identified EPA Office of Pesticide Program employees and representatives of a specific member of the regulated industry. EPA has not responded to either request.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff U.S. Right to Know is a nonprofit organization that works to advance transparency and accountability in the nation's food system by investigating matters important to public health that are often hidden from public scrutiny. The group shares its findings with news outlets and through its own published reports.

4. Plaintiff Carey Gillam is a journalist with over twenty years of experience. She serves as the research director of U.S. Right to Know and regularly publishes articles based on the results of her investigations. She has specialty knowledge of food and agriculture issues, especially biotech crop technology and pesticide product development and the environmental impacts of both.

5. Defendant EPA is an agency of the federal government of the United States and has possession of and control over the records plaintiff seeks.

## STATEMENT OF FACTS

*The July 5, 2016 Request*

6. In 2016, Plaintiff Gillam discovered that the Food & Drug Administration (FDA) had decided to begin testing for residues of the herbicide glyphosate—frequently used as a weed killer—in a variety of foods, food products, and grains.

7. On July 5, 2016, Plaintiffs submitted a FOIA request to EPA using EPA's online request portal. The request asked for all documents and communications from January 1, 2014, through July 5, 2016, "regarding testing for residues of glyphosate in or on food, food products, grains, etc." With respect to communications, the request specified communications between EPA and (a) the FDA; (b) Monsanto (which developed and first patented the use of glyphosate as

a weed killer); or (c) the Grain Inspection, Packers, and Stockyards Administration, a component of the United States Department of Agriculture.

8. On July 26, 2016, EPA acknowledged Plaintiffs' request. In its acknowledgment letter, EPA indicated that a search for responsive documents was under way and "could take up to 2-3 weeks to complete."

9. By email on August 9, 2016, EPA confirmed to Plaintiffs that the request was still being processed. EPA did not provide any updates as to when it would complete processing.

10. No further response has been provided by EPA in the intervening 19 months.

11. More than 20 working days have passed since EPA received Plaintiffs' July 5, 2016, FOIA request, and EPA has neither made a final determination nor produced any records in response to Plaintiffs' request.

***The February 15, 2017 Request***

12. On February 15, 2017, Plaintiffs submitted an additional FOIA request to EPA using EPA's online request portal. The request asked for all documents and communications from October 1, 2015, to February 15, 2017, between representatives of CropLife America, a trade association of pesticide and herbicide manufacturers and distributors, and twelve specified employees of EPA's Office of Pesticide Programs. Plaintiffs requested a waiver of all fees.

13. On February 22, 2017, EPA sent Plaintiffs a letter acknowledging the fee waiver request and stating that Plaintiffs would not be charged.

14. No further response has been provided by EPA in the intervening 15 months.

15. More than 20 working days have passed since EPA received Plaintiffs' February 15, 2017, FOIA request, and EPA has neither made a final determination nor produced any records in response to Plaintiff's request.

## FIRST CAUSE OF ACTION
### (FOIA – July 5, 2016 Request)

16. Plaintiffs have exhausted all administrative remedies with respect to their July 5, 2016 FOIA request.

17. Plaintiffs have a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records they requested, and there is no legal basis for EPA's failure to disclose them.

## SECOND CAUSE OF ACTION
### (FOIA – February 5, 2017 Request)

18. Plaintiffs have exhausted all administrative remedies with respect to their February 5, 2017 FOIA request.

19. Plaintiffs have a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records they requested, and there is no legal basis for EPA's failure to disclose them.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

(1) Declare that EPA's withholding of the requested records is unlawful;

(2) Order EPA to make the requested records available to Plaintiffs at no cost and without delay;

(3) Award Plaintiffs their costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief as this Court may deem just and proper.

Dated: May 21, 2018

Respectfully submitted,

/s/ Adam R. Pulver
Adam R. Pulver (D.C. Bar No. 1020475)
Patrick D. Llewellyn (DC Bar No. 1033296)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
apulver@citizen.org